## DODGE *v.* CLARK *et al.*

IN an action to compel defendant to execute a deed of real estate held by him, the complaint alleged that the property was purchased by plaintiff of one C., and by agreement with defendant was conveyed directly to him as security for a debt—he to make a deed to plaintiff upon its payment, and that the debt was subsequently paid and the deed demanded; but the complaint failed to aver that defendant, upon the demand, refused, or at any other time has refused to execute the deed : *Held*, that the failure to aver refusal is fatal to the action, and may be taken advantage of on the ground that the complaint does not state facts sufficient to constitute a cause of action.

This case comes within the nineteenth section of the Statute of Limitations, and not within the provision relative to the commencement of actions, based on a contract obligation or liability not founded upon an instrument in writing.

APPEAL from the Sixth District.

The amended complaint avers that on the thirteenth day of September, 1852, plaintiff was the owner of a certain tract of land; that he purchased it from A. Craw, and being indebted to defendants three hundred and fifty dollars, he had Craw convey the property to them, to secure this debt, and it was agreed that when plaintiff paid the debt to defendants, they should convey it to him; that on the — day of May, 1853, he paid the money to defendants and demanded a deed; that defendant, Lewis Clark has been absent from the State since July 20th, 1856; that defendant, Howell Clark has been absent from the State since said time—two years and a half—and the complaint prays that they be decreed to convey the premises to plaintiff. This action was commenced in June, 1859.

To this complaint defendants demurred, on the ground that the same did not state facts sufficient to constitute a cause of action, and that the cause of action is barred by the Statute of Limitations, and the Court sustained the demurrer; and as plaintiff did not desire to amend, final judgment was rendered for defendant, from which plaintiff appeals.

*Hereford & Long*, for Appellant.

The statute of limitations was not properly plead—the num-

ber of years not being stated. But even if properly plead, the statute does not run against the contract set out in the complaint. The defendants are trustees of plaintiff. (Ang. on Lim. 503, sec. 20; Id. 161, sec. 1 and authorities cited; 170, sec. 8; 507, sec. 1.)

*E. B. Crocker*, for Respondents.

I.  The action is founded on a verbal contract to convey when the money was paid, and as it was not commenced within two years from the time of payment, it was barred by the Statute of Limitations. The money was paid May, 1853, and the statute began running from that time, and it was more than three years afterward, to wit: July 20th, 1856, before Lewis Clark left the State, and Howell Clark has only been absent two years and a half, since July 20th, 1856, so that their absence from the State did not occur until after the action was barred.

Our statute makes no distinction between legal and equitable causes of action. It depends upon the subject matter, and not the form of the action, or the kind of relief prayed for. In this it differs from the English Statutes of Limitations, and those in most of the American States.

That we could demur upon this ground where the point appears upon the face of the complaint, was settled in *Sublette* v. *Tinney*, (9 Cal. 423).

II.  There were other objections—such as that the complaint does not aver that defendants ever refused to make a deed, and the alleged contract had no mutuality, as it does not appear that defendants had any recourse to compel plaintiff to pay the alleged debt, or that any time was to be fixed within which the alleged debt was to be paid. In bills for the specific performance of a contract, (which this is) it must appear that the contract is mutual, certain, fair and just. (Willard's Eq. 266, 267; 5 Cal. 64, 181.)

III.  The authorities cited by appellant apply only to cases of trustee and *cestui que trust*. This is a case of mortgage, and the statute may be set up. (Ang. on Lim. 503, 24–29; 2 Jac. & Walk. 1; 12 Texas, 427; 15 N. Y. 1 Smith, 505; 2 Story-Eq. secs. 753, 771.)

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. and COPE, J. concurring.

This is an action to compel the defendants to execute a deed of certain premises held by them. The complaint alleges that the premises were purchased by the plaintiff of one Craw, and by agreement with the defendants were conveyed directly to them as security for a debt, they to make a deed, to the plaintiff upon its payment, and that the debt was subsequently paid and the deed demanded; but it does not allege that the defendants, upon the demand, refused, or at any other time since have refused, to execute the deed. The omission in this particular was a fatal defect, and one that could be taken advantage of under the ground that the complaint does not state facts sufficient to constitute a cause of action.

This is enough for the affirmance of the judgment; but it would appear from the briefs of counsel, that the ruling of the District Court was placed upon the ground that the cause of action was barred by the Statute of Limitations, and thus the attention of counsel was not directed to the defect in question—otherwise he would have amended his complaint. The omission in the amended complaint was evidently an oversight, for the refusal is alleged in the original complaint. The statute was not a bar to the cause of action, so far at least as one of the defendants is concerned. The case comes within the nineteenth section of the statute, and does not fall, as counsel for the respondents appears to think, under the provision in relation to the commencement of actions based upon a contract, obligation or liability not founded upon an instrument of writing. Under the circumstances, the judgment will be affirmed, without prejudice, however, to a new action by the plaintiff upon the payment of the costs of the present action; and it is so ordered.