WILLIAM H. WHITEHILL, Appellant, v. WILLIAM LOWE, Adm'r, and Others, Respondents.[1]

1. Verbal Agreement.—Specific Performance.—Uncertainty.— A verbal agreement with the owners of certain mining property under which plaintiff is to procure a company to operate it, "upon a basis the details of which were to be thereafter agreed upon," will not be specifically enforced, for uncertainty, where it does not appear what kind of a company is to be organized; nor upon what terms, rules or regulations; nor who are to be parties thereto or their respective interests; nor what capital is to be raised or who is to furnish it; nor the extent, character or location of the work to be done; nor when any of these are to be done.

2. Id.—Id.—Id.—Want of Reasonable Consideration or Mutuality of Obligation.—The court will not decree a specific performance of a verbal contract by the terms of which M. is to raise the money necessary to work and develop certain mining property but which fixed no time therefor, nor the amount to be raised, and which required M. to place the property with the company which he is to organize without showing how he is to get title to it, pay the expenses of a long litigation and to give half the profits accruing from the transaction to the plaintiff, who did nothing but introduce and recommend him to one of the owners of the property, because such a contract is uncertain and not fair, equal and just in its terms.

3. Id.—Id.—Misjoinder.—In an action for the specific performance of a verbal contract between plaintiff and one M. to compel defendants to transfer to plaintiff one-half of the shares of capital stock given to M. for services in promoting the incorporation, the joinder of two officers of the company as individuals is improper where no fraud is charged against them or the company, and where they were not parties to any of the contracts.

4. Id.—Statute of Limitations.—New Promise.—A verbal agreement or new promise based on a prior agreement barred by the statute of limitations is within the provisions of 2 Com-

[1] Petition for a rehearing denied August 31, 1894. Appealed to the supreme court of the United States February 23, 1895.

piled Laws of 1888, § 3165, providing that such promise must be in writing signed by the party to be charged thereby.

(No. 461. Decided July 27, 1894. 37 P. R. 589.)

APPEAL from the District Court of the Third Judicial District. Hon. Charles S. Zane, *Judge.*

Action by William H. Whitehill against William Lowe, administrator of the estate of George A. Meears, deceased, Walker Brothers and the Meears Mining Company, defendants, to enforce the specific performance of a contract between plaintiff and defendant Meears—to compel defendants to transfer to plaintiff certain shares in the Meears Mining Company. From an order and judgment sustaining a demurrer and dismissing the complaint, plaintiff appeals. *Affirmed.*

Mr. *Gerald G. P. Jackson,* for appellant.

*First*—A complaint is not demurrable upon the ground that it does not state facts sufficient to constitute a cause of action, if in fact, upon the cause of action stated, the plaintiff would be entitled to relief either in law or equity. *Grain* v. *Aldrich,* 38 Cal. 514. *Second*—Walker Brothers are not sued individually but as officers of the corporation. It is true they are mentioned as individuals in the caption of the complaint. The caption of the complaint, however, is not a part thereof. *Jackson* v. *Ashton,* 8 Pet. 148. As officers of the corporation they are properly joined. The relief sought is an injunction restraining the transfer of the stock and the subject of the controversy being in their control and custody, the process of the court should run against them. *Jones* v. *Bolles,* 9 Wall. 364; *Dewing* v. *Perdecaries,* 96 U. S. 193; *Mallow* v. *Hinde,* 12 Wheat. 193; Mitford and Tyler, Eq. Pr. 40, 151. Equity requires all to be made parties whose presence is

necessary for a final end of litigation. *McPherson* v. *Parker*, 30 Cal. 456; *Wilson* v. *Castro*, 31 Cal. 420; *Grain* v. *Aldrich, supra. Third*—For a bill to be demurrable on the ground that several causes of action have been improperly joined, there must be two elements: 1. The different grounds of suit or causes of action must be wholly distinct. 2. Each ground must be sufficient as stated to sustain a bill in equity.

If they arise out of one transaction, or series of transactions forming one course of dealing, and all tending to one end, if one connected story can be told of the whole, the objection does not apply. Story Eq. Plead. §§ 271, 271*a*, 271*b*; *Wilson* v. *Castro*, 31 Cal. 420; *Salvidge* v. *Hyde*, 5 Maddock, 138; *Boyd* v. *Hoyt*, 5 Paige, 78; *Campbell* v. *Mackay*, 1 Myl. & C. 603. The causes of action must be of an entirely different nature. *Wilson* v. *Castro, supra.*

*Fourth*—The complaint is not ambiguous, unintelligible or uncertain, because plaintiff is relying upon the whole of the agreements and incorporation set forth as one continuous and the same transaction. *Fifth*—Plaintiff's claim is not barred by the statute. The agreement to incorporate gave the defendant Meears only an inchoate right against the owners of the property until the incorporation was formed. There was then nothing for which an action would lie until the incorporation, which took place upon the 15th of October, 1890. The action was brought upon the 3d day of October, 1892, within two years. 2 Comp. Laws 1888, § 3145.

*Mr. Thomas Adams*, for respondent William Lowe, administrator, etc.

*Messrs. Marshall & Royle*, for respondents Walker Brothers and the Meears Mining Company.

MINER, J.:

This action was brought by appellant, by bill in equity, in the Third Judicial District Court of the territory of Utah, upon the 3d day of October, 1892, to compel the transfer of certain shares of mining stock. The plaintiff, by his complaint, alleged a verbal agreement, in 1883, with the .owners of a certain mining property situated in Park City, Summit county, territory of Utah, and more particularly in the Uintah mining district, in said county and territory, which property was known at that time (1883-84) as the Morgan group of mines, by which agreement he (the appellant) was to secure and bring about the incorporation of a company to operate tho property; that, in accordance with the terms of that agreement, the apellant introduced the owners of said property to the defendant and respondent Meears, who verbally agreed with the plaintiff to share with him in any benefits and profits that might accrue from the transaction.

In consequence of the agreement with Meears and the introduction of the owners of the aforesaid property to him, the owners of that property contracted in February, 1884, to convey it to the said Meears, for the purpose of incorporating a company to operate the mines, and the performance of the conditions of this last agreement was guaranteed by the firm of Walker Bros., a partnership of capitalists, of which the defendant J. R. Walker was a member; that thereafter, for a number of years, there was considerable litigation touching the title to said property, the contract to convey to Meears was in abeyance, and the conditions as to the incorporating a company to operate the property were not complied with or executed until the termination of the legal proceedings, on or about the 15th day of October, 1890, when the incorporation now known as the Meears Mining Company was formed, to operate the

property for which the defendant Meears had obtained the contract to convey from the owners thereof. The plaintiff further alleged that the contract for conveyance obtained from the owners of the property had been obtained and procured by said Meears in his own name, to the exclusion of the plaintiff, without the knowledge of the plaintiff, and during the absence of the plaintiff from the territory of Utah; that, after the said incorporation, the defendant Meears had been assigned 31,625 shares of the capital stock of said incorporation for services in promoting the incorporation, which shares Meears retained in his own name, and has not transferred to the plaintiff one-half thereof, for which transfer the plaintiff brought this action, claiming said stock on account of services and expenses by him rendered in litigation, etc.

The defendants demurred to the bill. The court below sustained the demurrer, and dismissed the action. The plaintiff gave notice that he would stand by his bill, and subsequently gave notice of appeal, and now appeals to this court from the judgment and order of the court below, sustaining the demurrer and dismissing the action, and relies upon the following errors for reversal; (1) The court erred in sustaining the demurrer upon the ground that "said complaint does not state facts sufficient to constitute a cause of action." (2) The court erred in sustaining the demurrer upon the ground "that there is a misjoinder of parties defendant, in this: that said Joseph R. Walker and Samuel F. Walker, as individuals and as officers of said Meears Mining Company, and said Meears Mining Company are joined as defendants in said action with said defendant Meears, when there is no privity of contract between them and said plaintiff, nor are they or either of them subject to, or in any wise responsible for, or interested in, said alleged agreement of said plaintiff and said defendant Meears." (3) The court erred in sus-

taining the demurrer upon the ground "that two causes of action have been improperly united and joined in one count in said complaint, and not separately stated as independent causes of action, to wit: *First,* a cause of action upon an alleged agreement with defendant Meears, based upon an alleged agreement with the said owners of said mining claims, set out in said complaint; *second,* a cause of action upon an alleged agreement with defendant Meears, made after the execution of, and based upon, the written contract set out in said complaint." (4) The court erred in sustaining the demurrer upon the ground "that the complaint is ambiguous, unintelligible, and uncertain, in this, to-wit: Because it cannot be determined from said complaint upon which of said causes of action mentioned in subdivision three of this demurrer plaintiff is relying, or whether or not plaintiff is relying upon both of them." (5) The court erred in sustaining the demurrer upon the ground "that, as to the first agreement set up in said complaint between plaintiff and defendant Meears, the same is barred by the provisions of subdivision one of section 196 of the Code of Civil Procedure, and as to the agreement founded upon, or growing out of, or a part of, the contract in writing set out in said complaint, the same is barred by subdivision one of section 196 and section 194 of the Code of Civil Procedure."

It is claimed by the respondent's attorney that the complaint attempts to set up five different contracts or agreements, made at different times, and most of them between different parties—*First,* a verbal agreement, made in 1883, between plaintiff, on the one part, and Morgan and others, owners of the Morgan group of mines, as the other party; *second,* a verbal agreement between plaintiff and defendant Meears, made between October, 1883, and February, 1884; *third,* a written agreement or contract made between

Morgan and others, owners of the Morgan group of mines, of the one part, and George A. Meears, of the other part, May 24, 1884; *fourth,* verbal statements of Meears, acknowledging having violated or broken verbal agreement number two above referred to, and that he would protect plaintiff's interest in said written contract, made August, 1884; *fifth,* agreement and articles of incorporation of the Meears Mining Company, October, 1890. The complaint was filed to obtain a specific performance of all of these alleged agreements, contracts, and arrangements referred to, but under a claim that they all relate to one continuous contract, verbal at first, but eventually reduced to writing, and merged in the final consummation of the incorporation.

If specific performance cannot be had under the rules of law, or if the plaintiff has no such interest therein to the subject-matter or as to the parties referred to, then it may be said that the plaintiff has stated no cause of action. In order to specifically enforce a contract, it must be upon a reasonable consideration. "It must be reasonably certain as to its subject-matter, its stipulations, its purposes, its parties, and the circumstances under which it was made. It must be, in general, mutual in its obligations; it must be free from any fraud, misrepresentation, mistake, or illegality.    *    *    *    The contract must be fair, equal, and just in its terms and circumstances." 3 Pom. Eq. Jur. p. 447. The description of the subject-matter should be so definite as that it may give with reasonable certainty what the party contracting imagines himself to be contracting for, and that the court may from it ascertain what it is. It should not only express the names of the parties, the subject-matter, the price, but all material terms. "It may, however, be laid down that the court will carry out an agreement framed in general terms, where the law will supply the details; but,

if any details are to be supplied in modes which cannot be adopted by the court, there is then no concluded agreement capable of being enforced." Fry, Spec. Perf. side pages 90, 92, 93, 98, §§ 203, 208, 211, 221; *Colson* v. *Thompson*, 2 Wheat. 336.

Now, testing said first and second verbal contracts by these rules of law, were either of these contracts certain, definite, and complete? The first contract, between plaintiff and Morgan, upon its face, shows the uncertainty and incompleteness in the foundation and basis thereof when it says that it is to be carried out "upon a basis the details of which were to be thereafter agreed upon." Further, it does not appear what kind of company was to be organized, whether it was to be a copartnership, a joint-stock company, or a corporation; neither does it appear upon what terms or under what rules and regulations this company was to be organized, or who were to be parties thereto, or their respective interests, or how the working capital should be raised, or who should furnish it, nor the extent, character, or location of the work to be done on the claims, nor when any of these things were to be done. The second verbal contract is between plaintiff and Meears alone, and, besides this, is subject to most of the objections to the first contract. Meears is to raise the necessary money to work and develop the property, but no time is fixed; no amount of money or character of work stated; and Meears is to place the mining property with the company he is to organize,—property which belonged to other parties,—but it does not appear how he is to get control of, or title to, the property he is so to place. All these matters are indefinite. These two verbal contracts appear to be uncertain, indefinite, and incomplete. Meears was to do all the work, furnish all the money, buy the mines, complete the organization, and, as it turned out, attend to and pay the expenses of six years' litigation, and

give the plaintiff one-half of all proceeds in return for an introduction to Morgan by the plaintiff, and the recommendation that followed such introduction. It can hardly be said that the contract was certain, fair, and just.

It does not appear from the complaint that any demand was made by the plaintiff upon the defendants, or either of them, for the stock claimed by him in the corporation, or that the defendants, or either of them, ever refused to deliver the same to him. *Dodge* v. *Clark,* 17 Cal. 586; 2 Estee, Pl. & Pr. § 2875. Walker Bros. are made parties defendant, and are sued as individuals. No fraud or misfeasance is charged against them or against the corporation. They were not parties to nor principals to any of the contracts. They were improperly joined as individual parties to the controversy. Thomp. Liab. Off. p. 352; 2 Comp. Laws 1888, § 3219.

Plaintiff's cause of action is based upon two verbal agreements. The first was between the plaintiff and the owners of the mine. The second agreement was made between the plaintiff and Meears. Meears and plaintiff were the only parties interested in said agreement who are parties to this action. This action was brought October 14, 1892. The plaintiff alleges in his complaint that Meears had violated said verbal agreement in May, 1884, by entering into the written contract with the owners of the Morgan group of mines in his own name, instead of the joint names of himself and Meears, as was agreed; thereupon the right of action accrued to him in 1884, and is barred under the statute of limitations (section 3145, 2 Comp. Laws 1888). To avoid this statute, plaintiff alleges another verbal agreement between himself and Meears, in August, 1884, based upon no consideration, except it may be the first verbal agreement, to the effect that Meears would protect the plaintiff's interest in said agreement the same as if his name appeared in the writing. This agree-

ment being verbal, it comes within the provisions of section 3165, 2 Comp. Laws 1888, which reads as follows: "No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operations of this title, unless the same is contained in some writing, signed by the party to be charged thereby." The statute seems to have run against all the verbal agreements to which plaintiff was a party. We think the demurrer was well taken, and that the order and judgment of the Third District Court should be affirmed, with costs.

MERRITT, C. J., and BARTCH and SMITH, JJ., concur.